**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| United States of America, | Case No. 21-cr-250 (JRT/TNL) |
| Plaintiff, | |
| v. | **ARRAIGNMENT NOTICE** |
| | **&** |
| Jing Chen (1), | **ORDER** |
| Ying Chen (2). | |
| Li Yang (3), and | |
| Xinhua Xiong (4), | |
| Defendants. | |

---

This matter comes before the Court on Defendants Jing Chen's Motion to Extend Time to File Motions, ECF No. 62; Ying Chen's Motion for Extension of Time to File Pretrial Motions; and to Exclude Time Under the Speedy Trial Act, ECF No. 54; and Li Yang's Motion for Extension of Time to File Pretrial Motions and to Exclude Time Under the Speedy Trial Act, ECF No. 65. Ying Chen and Li Yang have also filed statements of fact in support of their respective motions. ECF Nos. 55, 67. Jing Chen, Ying Chen, and Li Yang each seek an extension of the deadline for filing pretrial motions due to voluminous discovery produced by the Government. ECF Nos. 54 at 1; ECF No. 65 at 1; *see* ECF No. 62 at 3. Jing Chen also contends that she has not yet received certain other requested disclosures. ECF No. 62 at 3.

Ying Chen and Li Yang each seek extensions of 30 days and request that time be excluded under the Speedy Trial Act. ECF Nos. 54; 65. Jing Chen seeks an extension of 14 days to file pretrial motions "without requiring [her] to waive her right to a speedy trial."

1

ECF No. 62 at 4. Jing Chen also asks that "a final disclosure due date" be set for the Government's disclosures and "the Court permit an evidence viewing within the next five days." ECF No. 62 at 4. The Government has no objection to the requested extensions. ECF Nos. 63, 64.[1]

Additionally, beginning on March 13, 2020, and continuing thereafter, the Honorable John R. Tunheim, Chief District Judge for the United States District Court for the District of Minnesota, has issued a series of General Orders in connection with the COVID-19 pandemic, addressing, among other things, criminal proceedings and trials.[2] On December 6, 2021, Chief Judge Tunheim entered General Order No. 32, which allows limited in-person proceedings for defendants who decline to consent to conducting the proceeding using videoconferencing, or telephone conferencing if videoconferencing is not reasonably available. *See generally In re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*, Gen. Order No. 32 (D. Minn. Dec. 6, 2021). General Order No. 32 states that because only limited in-person proceedings may be held each day, criminal proceedings may be continued until the date that the criminal proceeding takes place.

General Order No. 32 continues to encourage the use of videoconferencing in criminal proceedings and states that, with the defendant's consent, criminal proceedings will be conducted by videoconferencing, or telephone conferencing if videoconferencing

---

[1] In e-mail correspondence, the Government indicated it had no objection to Li Yang's motion.
[2] All General Orders related to the COVID-19 pandemic may be found on the Court's website at https://www.mnd.uscourts.gov/coronavirus-covid-19-guidance.

is not reasonably available.[3]  General Order No. 32 further provides that the presiding judge will enter orders in individual cases to extend deadlines and exclude time under the Speedy Trial Act to address delays attributable to COVID-19.  **Accordingly, should a defendant file pretrial motions, counsel shall also file a letter indicating whether that defendant consents to a motions hearing by videoconference.**  *See also* ECF No. 44.

Pursuant to 18 U.S.C. § 3161(h), this Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public and Defendants in a speedy trial and such continuance is necessary to provide Defendants and their counsel reasonable time necessary for effective preparation and to make efficient use of the parties' resources.

The Court will grant an extension of 30 days.  Because "[e]xclusions of time attributable to one defendant apply to all codefendants," *United States v. Mallett*, 751 F.3d 907, 911 (8th Cir. 2014) (quotation omitted); *see also United States v. Arrellano-Garcia*, 471 F.3d 897, 900 (8th Cir. 2006), this period of time will be excludable as to all Defendants, including Jing Chen and Xinhua Xiong.

The Court's scheduling orders set a deadline of December 22, 2021 for the Government to "make all disclosures require by Federal Rule of Criminal Procedure 16(a)."  ECF Nos. 42 at 1; 43 at 1.  Jing Chen, Ying Chen, and Li Yang all state that they received additional disclosures from the Government totaling several hundred pages on December 31, 2021—more than a week after the deadline.  ECF Nos. 62 at 3 ("While trying

---

[3] *See also* General Order No. 31, which went into effect on September 22, 2021, vacated General Order No. 29, and extended the Court's authorization to conduct certain criminal proceedings via video or telephone conference pursuant to the CARES Act "[b]ecause the emergency created by the COVID-19 outbreak continues to materially affect the functioning of court operations in the District of Minnesota." *In re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*, Gen. Order No. 31 (D. Minn. Sept. 16, 2021).

3

to review this evidence over the holiday, the Government further disclosed an additional several hundred documents on New Year's Eve."); 54 at 1 ("The Government submitted hundreds of pages of documents on the last day of the year . . . ."); 65 at 1 ("This was followed by a supplemental disclosure on December 31 when Defendant's attorney's office was closed for the New Year holiday.").  The record before the Court does not contain an explanation for the timing of this additional disclosure.  *See, e.g.*, *United States v. Altman*, 507 F.3d 678, 680 (8th Cir. 2007); *United States v. Pherigo*, 327 F.3d 690, 694 (8th Cir. 2003).  Assuming the Government's disclosures were untimely, there has been no showing of prejudice.  *United States v. Sandoval-Rodriguez*, 452 F.3d 984, 990 (8th Cir. 2006); *see Altman*, 507 F.3d at 680; *Pherigo*, 327 F.3d at 694.  As a number of pretrial motions have already been filed, the trial date will be reset following a ruling on the pretrial motions. Further, Jing Chen, Ying Chen, and Li Yang have all moved for a continuance to allow them adequate time to review these materials and file pretrial motions, which the Court has granted.  *See Sandoval-Rodriguez*, 452 F.3d at 984.

The Court reemphasizes the Government's obligation to disclose to Defendants all exculpatory evidence—that is evidence that favors the defendant or casts doubt on the Government's case—as required by *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, and orders the Government to do so.  **The Government is again reminded that failure to do so in a timely manner may result in consequences, including but not limited to exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, disciplinary action, or sanctions by the Court.**

To the extent it has not done so already, the Government shall—**as soon as practicable, but no later than 14 days from the date of this Order**—work with respective defense counsel to fulfill requests to inspect, copy, and/or photograph items within the Government's possession, custody, or control to the extent required under Fed. R. Crim. P. 16(a)(1)(E).

Based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.      Jing Chen's Motion to Extend Time to File Motions, ECF No. 62, is **GRANTED IN PART** and **DENIED IN PART**.

2.      Ying Chen's Motion for Extension of Time to File Pretrial Motions; and to Exclude Time Under the Speedy Trial Act, ECF No. 54, is **GRANTED**.

3.      Li Yang's Motion for Extension of Time to File Pretrial Motions and to Exclude Time Under the Speedy Trial Act, ECF No. 65, is **GRANTED**.

4.      The period of time from **January 4 through March 10, 2022**, shall be excluded from Speedy Trial Act computations in this case. *See Mallett*, 751 F.3d at 911; *Arrellano-Garcia*, 471 F.3d at 900.

5.      All motions in the above-entitled case shall be filed and served consistent with Federal Rules of Criminal Procedure 12(b) and 47 on or before **February 4, 2022**. D. Minn. LR 12.1(c)(1).  Two courtesy copies of all motions and responses shall be delivered directly to the chambers of Magistrate Judge Leung.

6.      **Should a defendant file pretrial motions, counsel shall also file a letter on or before February 4, 2022, indicating whether that defendant consents to a motions hearing by videoconference**. *See* ECF No. 44.

7.      Counsel shall electronically file a letter on or before **February 4, 2022**, if no motions will be filed and there is no need for hearing.

8.      All responses to motions shall be filed by **February 18, 2022**. D. Minn. LR 12.1(c)(2).

9.      Any Notice of Intent to Call Witnesses shall be filed by **February 18, 2022**. D. Minn. LR. 12.1(c)(3)(A).

10.     Any Responsive Notice of Intent to Call Witnesses shall be filed by **February 23, 2022**.  D. Minn. LR 12.1(c)(3)(B).

11.     A motions hearing will be held pursuant to Federal Rules of Criminal Procedure 12(c) where:

      a.      The government makes timely disclosures and a defendant pleads particularized matters for which an evidentiary hearing is necessary; or

      b.      Oral argument is requested by either party in its motion, objection or response pleadings.

12.     **If required, the motions hearing shall take place before the undersigned on March 10, 2022, at 10:00 a.m., in Courtroom 9W, Diana E. Murphy U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota.**  D. Minn. LR 12.1(d).

13.     **Jing Chen's arraignment, ECF No. 42 at 1, is likewise continued and shall take place before the undersigned on March 10, 2022, at 10:00 a.m., in**

Courtroom 9W, Diana E. Murphy U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota.

14.    **TRIAL:**

a.    **IF NO PRETRIAL MOTIONS ARE FILED BY A DEFENDANT, the following trial and trial-related dates are:**

All voir dire questions and jury instructions must be submitted to Chief District Judge John R. Tunheim on or before **April 4, 2022**.

This case must commence trial on **April 18, 2022**, at **9:00 a.m.** before Chief District Judge Tunheim in Courtroom 15, Diana E. Murphy U.S. Courthouse, 300 South Fourth Street, **MINNEAPOLIS**, Minnesota.

b.    **IF PRETRIAL MOTIONS ARE FILED, the trial date, and other related dates, will be rescheduled following the ruling on pretrial motions. Counsel must contact the Courtroom Deputy for Chief District Judge Tunheim to confirm the new trial date.**

Dated: January __11__, 2022                    _____*s/ Tony N. Leung*_____
                                              TONY N. LEUNG
                                              United States Magistrate Judge
                                              District of Minnesota

                                              *United States v. Chen et al.*
                                              Case No. 21-cr-250 (JRT/TNL)