**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

United States of America,

Plaintiff,

v.

Jing Chen (1),
Ying Chen (2).
Li Yang (3), and
Xinhua Xiong (4),

Defendants.

Case No. 21-cr-250 (JRT/TNL)

**ARRAIGNMENT NOTICE**
**&**
**ORDER**

---

This matter comes before the Court on Defendants Ying Chen, Li Yang, and Xinhua

Xiong's motions for extensions of time, ECF Nos. 76, 78, 79, and Defendant Ying Chen's

motion to designate this matter as complex under the Speedy Trial Act, 18 U.S.C. §§ 3161-

74, ECF No. 77.

## I. MOTION TO DESIGNATE CASE AS COMPLEX

Ying Chen moves to designate this case as complex under the Speedy Trial Act due

"massive" amounts of discovery, noting that the Government "recently informed the

defense that it has an additional two terabytes of discovery available for review." ECF No.

77 at 1. Ying Chen additionally states that the discovery process is impacted by the

conditions of the Protective Order requiring redaction of certain personal identifiers before

the discovery may be given to a defendant. *See* ECF No. 77 at 1; *see generally* ECF No.

74. Ying Chen further states that "the facts underlying the charges in the [I]ndictment are

complex and will involve extensive pretrial preparation." ECF No. 77 at 1. Ying Chen

asserts that "[f]ailure to grant an extensive continuance in this case would deny [her] the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, and would result in a miscarriage of justice."  ECF No. 77 at 1.

The Government supports the requested designation.  The Government acknowledges that it "is in the process of transferring two terabytes of data onto hard drives provided by defense counsel, including the native content of returns from numerous email search warrants and photocopies of the physical items and forensic evaluations of the digital devices seized pursuant to more than 40 search warrants."  ECF No. 101 at 2.  The Government concurs "that it would be unreasonable to expect [D]efendants to adequately prepare within the short time limits established by the Speedy Trial Act."  ECF No. 101 at 2.

Defendant Jing Chen opposes the requested designation.  Jing Chen asserts that this case is not complex within the meaning of the Speedy Trial Act because there are just four defendants and there are "no novel questions of fact or law."  ECF No. 102 at 4.  Jing Chen additionally asserts that "[t]he Government's late disclosures have directly and solely caused delay in the proceedings of this case."  ECF No. 102 at 4.  In the alternative, Jing Chen requests that the Court deny the motion as premature because pretrial motion practice may "alter the evidentiary landscape" or "result in dismissal" of charges.  ECF No. 102 at 5.

Under the Speedy Trial Act, a defendant must "be tried within seventy days after being charged or initially appearing, unless the running of time is stopped for reasons set forth under the statute."  *United States v. Izazaga-Pascacio*, No. 14-cr-289 (SRN/JSM),

2

2016 WL 287062, at *1 (D. Minn. Jan. 22, 2016); *see* 18 U.S.C. § 3161(c)(1); *see also*

*Zedner v. United States*, 547 U.S. 489, 497-98 (2006).  The Speedy Trial Act permits the

exclusion of

> [a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

Factors to be considered in determining whether to grant such a continuance include,

among others:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> . . .
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

*Id.* § 3161(h)(7)(B).  A continuance shall not be granted, however, due to "lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government."  *Id.* § 3161(h)(7)(C).

Having considered the factors set forth in § 3161(h)(7)(B) and the parties' arguments, the Court will grant Ying Chen's motion to designate this matter as complex under § 3161(h)(7)(B)(iv).  The events underlying the charges took place over a four-year period.  *See generally* Indictment, ECF No. 1.  Over 40 search warrants were issued in connection with the investigation and voluminous discovery has been produced by the Government.  Based on the foregoing, coupled with the saturation of personal identifiers throughout such discovery and the redaction process required under the Protective Order, *see* ECF No. 74 at 1-4, as well as at least one defendant requiring the assistance of an interpreter,[1] the Court finds, pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv), that this case is so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act.  The Court further finds that the ends of justice served by making this designation and granting this continuance outweigh the best interests of the public and Defendants in a speedy trial and the failure to grant a continuance would deny Defendants the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

Notwithstanding the Court's findings, Jing Chen's arguments are not lost on this Court.[2]  This is now the second time the Government has disclosed a significant amount of

---

[1] *See, e.g.*, ECF No. 76 at 1 ("Defendant [Xinhua Xiong] requires the assistance of a Chinese language interpreter (Mandarin dialect) to review discovery with counsel subject to the [P]rotective [O]rder.").
[2] The Court notes that Jing Chen has filed a motion to suppress evidence based on the timing of the Government's

discovery on the eve of the deadline for filing pretrial motions. The Court's scheduling

orders set a deadline of December 22, 2021 for the Government to "make all disclosures

required by Federal Rule of Criminal Procedure 16(a)." ECF Nos. 42 at 1; 43 at 1.

Previously, the Government disclosed several hundred pages on December 31, 2021, prior

to the January 5, 2022 motions deadline. ECF Nos. 69 at 3-4; 42 at 2; 43 at 2; *see* ECF

Nos. 62 at 3; 54 at 1; 65 at 1. Now, at or around the end of January 2022, the Government

indicated "that it has an additional two terabytes of discovery for review," ECF No. 77 at

1, in advance of the February 4, 2022 motions deadline. ECF Nos. 69 at 5; 75 at 3; *see*

*also* ECF No. 78 at 2 ("While defense counsel appreciates the [G]overment's diligence in

attempting to fulfill its disclosure obligations, it is puzzling how material of this scope

could have been overlooked well past the discovery date initially set by this Court.").

Again, the record before the Court does not contain an explanation for the timing of

the Government's additional disclosure. *See, e.g.*, *United States v. Altman*, 507 F.3d 678,

680 (8th Cir. 2007); *United States v. Pherigo*, 327 F.3d 690, 694 (8th Cir. 2003); *cf. United*

*States v. Shulick*, 18 F.4th 91, 101 (3d Cir. 2021) (lack of diligent preparation evidenced

by chronic mistake or bad faith). Assuming the Government's disclosures were untimely,

however, there again has been no showing of prejudice. *United States v. Sandoval-*

*Rodriguez*, 452 F.3d 984, 990 (8th Cir. 2006); *see Altman*, 507 F.3d at 680; *Pherigo*, 327

F.3d at 694. As a number of pretrial motions have already been filed, the trial date will be

reset following a ruling on the pretrial motions. Further, Ying Chen, Li Yang, and Xinhua

---

disclosures. *See generally* ECF No. 85.

Xiong have all moved for a continuance to allow them adequate time to review the Government's latest production and file pretrial motions, which, *see infra* Section II, the Court will grant. *See Sandoval-Rodriguez*, 452 F.3d at 984.

The Court takes this opportunity to again emphasize the Government's obligation to disclose to Defendants all exculpatory evidence—that is evidence that favors the defendant or casts doubt on the Government's case—as required by *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, and orders the Government to do so. **The Government is again reminded that failure to do so in a timely manner may result in consequences, including but not limited to exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, disciplinary action, or sanctions by the Court.**

## II. MOTIONS FOR EXTENSIONS OF TIME

As stated above, Ying Chen, Li Yang, and Xinhua Xiong have filed motions for extension of time to file pretrial motions. ECF Nos. 76; 78; 79. They have also each filed statements of fact in support of their respective motions. ECF Nos. 99; 100; 98. They each seek a 60-day extension of the deadline for filing pretrial motions based on the Government's latest two-terabyte disclosure. ECF Nos. 76 at 1; 78 at 2; 79 at 1. The Government has no objection to the requested extensions. ECF Nos. 78 at 2; 79 at 1.[3]

Additionally, beginning on March 13, 2020, and continuing thereafter, the Honorable John R. Tunheim, Chief District Judge for the United States District Court for

---

[3] In e-mail correspondence, the Government indicated it had no objection to Ying Chen's motion.

the District of Minnesota, has issued a series of General Orders in connection with the COVID-19 pandemic, addressing, among other things, criminal proceedings and trials.[4] On December 6, 2021, Chief Judge Tunheim entered General Order No. 32, which allows limited in-person proceedings for defendants who decline to consent to conducting the proceeding using videoconferencing, or telephone conferencing if videoconferencing is not reasonably available. *See generally In re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*, Gen. Order No. 32 (D. Minn. Dec. 6, 2021). General Order No. 32 states that because only limited in-person proceedings may be held each day, criminal proceedings may be continued until the date that the criminal proceeding takes place.

General Order No. 32 continues to encourage the use of videoconferencing in criminal proceedings and states that, with the defendant's consent, criminal proceedings will be conducted by videoconferencing, or telephone conferencing if videoconferencing is not reasonably available.[5] General Order No. 32 further provides that the presiding judge will enter orders in individual cases to extend deadlines and exclude time under the Speedy Trial Act to address delays attributable to COVID-19. **Accordingly, should a defendant file pretrial motions, counsel shall also file a letter indicating whether that defendant consents to a motions hearing by videoconference.** *See also, e.g.*, ECF No. 44.

---

[4] All General Orders related to the COVID-19 pandemic may be found on the Court's website at https://www.mnd.uscourts.gov/coronavirus-covid-19-guidance.
[5] *See also* General Order No. 31, which went into effect on September 22, 2021, vacated General Order No. 29, and extended the Court's authorization to conduct certain criminal proceedings via video or telephone conference pursuant to the CARES Act "[b]ecause the emergency created by the COVID-19 outbreak continues to materially affect the functioning of court operations in the District of Minnesota." *In re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*, Gen. Order No. 31 (D. Minn. Sept. 16, 2021).

Pursuant to 18 U.S.C. § 3161(h), this Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public and Defendants in a speedy trial and such continuance is necessary to provide Defendants and their counsel reasonable time necessary for effective preparation and to make efficient use of the parties' resources.

The Court will grant an extension of 60 days. Because "[e]xclusions of time attributable to one defendant apply to all codefendants," *United States v. Mallett*, 751 F.3d 907, 911 (8th Cir. 2014) (quotation omitted); *see also United States v. Arrellano-Garcia*, 471 F.3d 897, 900 (8th Cir. 2006), this period of time will be excludable as to all Defendants, including Jing Chen.

### III. ORDER

Based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.      Ying Chen's 2nd Motion for Extension of Time to File Pretrial Motions, ECF No. 76, is **GRANTED**.

2.      Ying Chen's Motion to Designate This Case as Complex, ECF No. 77, is **GRANTED**.

3.      This case is designated as "complex" within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv).

4.      Li Yang's Second Motion for Extension of Time to File Pretrial Motions and to Exclude Time Under the Speedy Trial Act, ECF No. 78, is **GRANTED**.

5.      Xinhua Xiong's Second Motion for Brief Continuance of Pretrial Motions Filing Deadline, ECF No. 79, is **GRANTED**.

6.      The period of time from **February 3 through April 26, 2022**, shall be excluded from Speedy Trial Act computations in this case. *See Mallett*, 751 F.3d at 911; *Arrellano-Garcia*, 471 F.3d at 900.

7.      All motions in the above-entitled case shall be filed and served consistent with Federal Rules of Criminal Procedure 12(b) and 47 on or before **April 5, 2022**. D. Minn. LR 12.1(c)(1). Two courtesy copies of all motions and responses shall be delivered directly to the chambers of Magistrate Judge Leung.

8.      **Should a defendant file pretrial motions, counsel shall also file a letter on or before April 5, 2022, indicating whether that defendant consents to a motions hearing by videoconference**. *See, e.g.,* ECF No. 44.

9.      Counsel shall electronically file a letter on or before **April 5, 2022**, if no motions will be filed and there is no need for hearing.

10.     All responses to motions shall be filed by **April 19, 2022**. D. Minn. LR 12.1(c)(2).

11.     Any Notice of Intent to Call Witnesses shall be filed by **April 19, 2022**. D. Minn. LR. 12.1(c)(3)(A).

12.     Any Responsive Notice of Intent to Call Witnesses shall be filed by **April 22, 2022**. D. Minn. LR 12.1(c)(3)(B).

13.     A motions hearing will be held pursuant to Federal Rules of Criminal Procedure 12(c) where:

>        a.      The government makes timely disclosures and a defendant pleads particularized matters for which an evidentiary hearing is necessary; or

b.    Oral argument is requested by either party in its motion, objection or response pleadings.

14.    **If required, the motions hearing shall take place before the undersigned on April 26, 2022, at 10:00 a.m., in Courtroom 9W, Diana E. Murphy U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota.**  D. Minn. LR 12.1(d).

15.    **Jing Chen's arraignment, ECF No. 69 at 6-7, is likewise continued and shall take place before the undersigned on April 26, 2022, at 10:00 a.m., in Courtroom 9W, Diana E. Murphy U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota.**

16.    **TRIAL:**

a.    **IF NO PRETRIAL MOTIONS ARE FILED BY A DEFENDANT, the following trial and trial-related dates are:**

All voir dire questions and jury instructions must be submitted to Chief District Judge John R. Tunheim on or before **May 31, 2022**.

This case must commence trial on **June 13, 2022**, at **9:00 a.m.** before Chief District Judge Tunheim in Courtroom 15, Diana E. Murphy U.S. Courthouse, 300 South Fourth Street, **MINNEAPOLIS**, Minnesota.

[Continued on next page.]

b.    **IF PRETRIAL MOTIONS ARE FILED, the trial date, and other related dates, will be rescheduled following the ruling on pretrial motions.  Counsel must contact the Courtroom Deputy for Chief District Judge Tunheim to confirm the new trial date.**

Dated: March___1___, 2022                                          *s/Tony N. Leung*
                                                                                    TONY N. LEUNG
                                                                                    United States Magistrate Judge
                                                                                    District of Minnesota


                                                                                    *United States v. Chen et al.*
                                                                                    Case No. 21-cr-250 (JRT/TNL)