UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 21-cr-250 (JRT/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Jing Chen (1), | |
| Defendant. | |

This matter comes before the Court on Defendant Jing Chen's Motion to Compel Evidence Viewing, ECF No. 211; Motion for Notice of Intended Witnesses, ECF No. 212; and Motion to Compel Production of Evidence at Hearing, ECF No. 213.  The Government opposes the motions.  ECF No. 217.

## I.  MOTION TO COMPEL EVIDENCE VIEWING

Defendant moves to compel the Government to provide Defendant another evidence review prior to the December 9, 2022, motions hearing pursuant to Fed. R. Crim. P. 16(a)(1)(E).  ECF No. 211 at 1.  An initial evidence review was conducted on January 19, 2022, and defense counsel and her investigator were "permitted to watch the Government's evidence custodian open bags of evidence in no discernable order and review the contents of the bags [of evidence] one by one."  *Id*. at 1-2.  According to Defendant, the initial evidence review focused on "whether the Government was withholding [Defendant's] essential identifying documents – including her U.S. Passport, social security card and Chinese birth certificate."  *Id*. at 1.  After reviewing evidence for four hours, the essential

1

identifying documents were not located. *Id*. at 3. Defendant requested another evidence review, which took place on January 25, 2022. *Id*. The essential identifying documents were located during that evidence review "among the remaining bags of other documents and items." *Id*.

On September 19, 2022, the Court held an evidentiary hearing on Defendant's motions to dismiss for pre-indictment delay, which focused in large part on Defendant's essential identifying documents. *Id*.; *see also* ECF No. 143. According to Defendant, her investigator, Bruce Olson, "had difficulty recalling the evidence viewing and the items he reviewed on January 25, 2022," at the hearing. ECF No. 211 at 3. Two months later, on November 10, 2022, Defendant "reached out to the Government to set up an evidence viewing . . . to focus on the physical evidence and documents relevant to the upcoming [December 9, 2022, motions] hearing." *Id*. According to Defendant, "[t]he Government refused the request stating that it already accommodated a request, it made the items available on disk, and its agents were not available." *Id*.

Defendant contends that she needs to review the evidence again in person because "her investigator could not recall the items he reviewed, the purpose of this review differ[s] from the initial review, and to afford effective representation, the evidence must be viewed in context versus viewing randomly scanned files on a computer." *Id*. Specifically, Defendant argues that her "motions hearing issue – regarding the legality of the search warrant and its execution at [her] residence – necessitates another look at the evidence in its original context." *Id*. at 1. Thus, according to Defendant, an additional review "is necessary to provide [her] with due process and effective representation." *Id*. at 4.

The Government objects to conducting a third in-person evidence review. ECF No. 217 at 4. The Government contends that Defendant's "counsel and investigator have already had two opportunities to review these original materials in person." *Id*. Further, "the [G]overnment scanned every shred of evidence [Defendant] now seeks to review for a third time, and produced those materials to [Defendant's] counsel electronically. She can review these documents with her investigator on her own time and in her own office." *Id*. Additionally, the Government contends that "[a]rranging an in-person evidence review is no small task" because "[t]o preserve the chain of custody and the integrity of [the] evidence, the items must be reviewed one bag at a time, and the review must be overseen by the [G]overnment." *Id*. at 5. Thus, according to the Government, "this is exactly why, after two in-person reviews, [it] made scans of all the evidence available to [defense counsel] to review on her own time." *Id*. Further, the Government notes that defense counsel did not make her request to conduct another in-person evidence review until *after* the motions hearing was originally scheduled to have occurred. *Id*. at 5-6.

The Court finds that the Government has complied with the requirements of Rule 16 by permitting Defendant to inspect the Government's evidence and providing copies of the evidence electronically. Therefore, the Court will not order the Government to provide Defendant another evidence review prior to the December 9, 2022, motions hearing. Under Federal Rule of Criminal Procedure 16(a)(1)(E), "[u]pon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control

. . . ." Here, the Government permitted Defendant to inspect and to copy or photograph the evidence during the two evidence reviews in January 2022. As defense counsel concedes, in January, she "was permitted to watch the Government's evidence custodian open bags of evidence . . . and review the contents of the bags one by one." ECF No. 211 at 2. The Government also scanned all of the evidence and provided it to defense counsel electronically. ECF No. 217 at 1. Rule 16 does not require the Government to do anything more. It does not require the Government to allow Defendant to inspect the evidence in person multiple times, especially for a third time, ten months after the first two evidence reviews, and just days before the scheduled motions hearing. In fact, Defendant did not request an additional evidence review until November 10, 2022, one day *after* the motions hearing was originally scheduled to occur. ECF No. 211 at 3; *see also* ECF No. 208. The Government has complied with its obligations under Rule 16 by permitting Defendant to inspect and to copy or photograph the evidence and providing copies of the evidence electronically. *See, e.g., United States v. Robinson*, No. 06-cr-67 (PAM/JJG), 2006 WL 2423082, at *1 (D. Minn. Aug. 22, 2006) ("When Defendant's counsel asked to inspect the documents, the Government not only permitted inspection but actually produced copies of the documents. The Government breached no discovery obligations under either the Federal Rules of Criminal Procedure or the Federal Rules of Evidence."). Therefore, the Court denies Defendant's motion to compel the Government to permit Defendant another evidence viewing prior to the December 9, 2022, motions hearing.

## II. MOTION FOR NOTICE OF INTENDED WITNESSES

Defendant also moves the Court to order the Government to provide notice of its motion hearing witnesses. ECF No. 212. Defendant contends that on November 3, 2022, the Government provided notice that it would not call any witnesses at the motions hearing, which was originally scheduled for November 9, 2022, but later continued to December 9, 2022, at Defendant's request. *Id*. at 1; *see also* ECF No. 208. Defendant contends that, given the Court's November 22, 2022 Order granting Defendant's Motion for Leave to File Memorandum of Law in Support of Motion to Suppress, she "anticipates that the Government will now call witnesses at the upcoming hearing" because "it is the Government's burden at a motions hearing to show both that the warrant was supported by probable cause and the warrant was executed lawfully." ECF No. 212 at 1; *see also* ECF No. 210. She requests that the Court order the Government to file its notice of its witnesses one week prior to the motions hearing. *Id*. at 2. The Government responds that Defendant's motion should be denied as moot because it "has already informed [defense counsel] that it intends to call no witnesses." ECF No. 217 at 7.

The Court denies Defendant's motion as moot. On November 3, 2022, the Government filed a Notice of Intent Not to Call Witnesses. ECF No. 201. The Government stated that it will not call any witnesses at the motions hearing, and that "[n]o witnesses will or need be called." *Id*. In its Response, the Government again states that "it is not calling any witnesses at the motions hearing." ECF No. 217 at 1. Thus, the Government has confirmed that it will not call any witnesses, and the motion is moot.

## III. MOTION TO COMPEL PRODUCTION OF EVIDENCE AT HEARING

Lastly, Defendant moves the Court for an order directing the Government to produce evidence at the December 9, 2022, motions hearing, namely, the evidence on the Government's warrant return from the search of Defendant's home defined as "miscellaneous documents." ECF No. 213 at 1. Defendant brings her motion "pursuant to the Fourth Amendment right to be free from unreasonable searches and seizures and the right to Due Process in challenging the search and seizure of items in her home." *Id*. She contends that the "miscellaneous documents" are "necessary and indispensable to the validity of [her] claims." *Id*. The Government argues that Defendant's motion should be denied because she "does not offer a single reason why the original evidence needs to be brought to Court for the hearing . . . [and] [defense counsel] has a hard drive with scans of all evidence, and she has twice reviewed the original materials in person with her investigator." ECF No. 217 at 6.

The Court agrees with the Government. As discussed above, the Government permitted Defendant to inspect and to copy or photograph the evidence, including the "miscellaneous documents," during the two evidence reviews in January 2022. Defense counsel "was permitted to watch the Government's evidence custodian open bags of evidence . . . and review the contents of the bags one by one." ECF No. 211 at 2. The Government also scanned all of the evidence and provided it to defense counsel electronically. ECF No. 217 at 1. Defense counsel provides no explanation for why she needs the Government to bring all of the "miscellaneous documents" in their original form to the motions hearing. Nor does she explain why the original "miscellaneous documents"

6

are "necessary and indispensable to the validity of [her] claims." *See* ECF No. 213 at 1. Though she makes her motion to compel production of evidence at the hearing "pursuant to the Fourth Amendment right to be free from unreasonable searches and seizures and the right to Due Process in challenging the search and seizure of items in her home," ECF No. 213 at 1, she fails to articulate any reason why the original "miscellaneous documents" must be brought to the motions hearing and why the electronic copies she has are insufficient. Accordingly, the motion is denied.

## IV. ORDER

Based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Compel Evidence Viewing, ECF No. 211, is **DENIED**.

2. Defendant's Motion for Notice of Intended Witnesses, ECF No. 212, is **DENIED AS MOOT**.

3. Defendant's Motion to Compel Production of Evidence at Hearing, ECF No. 213, is **DENIED**.

Dated: December __6__, 2022

                *s/ Tony N. Leung*
TONY N. LEUNG
United States Magistrate Judge
District of Minnesota

*United States v. Chen*
Case No. 21-cr-250 (1) (JRT/TNL)