UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Criminal No. 21-250 (JRT/TNL) |
| v. | MEMORANDUM OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION |
| JING CHEN (1), | |
| Defendant. | |

Laura Provinzino and Ana H. Voss, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Plaintiff.

Lauren Campoli, **THE LAW OFFICE OF LAUREN CAMPOLI, PLLC**, 7300 France Avenue, Suite 405, Minneapolis, MN 55435, for Defendant.

Defendant Jing Chen is charged with various Title 18 offenses, including conspiracy to engage in transportation for prostitution, conspiracy to use a communication device to promote prostitution, and conspiracy to engage in money laundering. Chen filed a motion to dismiss the Indictment for pre-Indictment delay, asserting that a delay of three-years and seven-months between the date her residence was searched and the date that she was indicted violated her right to a speedy trial under the Sixth Amendment. Alternatively, Chen argues that the delay violated her right to due process under the Fifth Amendment. Magistrate Judge Tony Leung held a hearing on the matter and issued a Report and Recommendation ("R&R") recommending that the motion be denied as to both claims. Because the pre-indictment delay did not violate either Chen's Sixth

Amendment right to a speedy trial or her Fifth Amendment due process right, the Court will overrule Chen's objections, adopt the R&R, and deny Chen's motion to dismiss the Indictment.

## BACKGROUND

### I. FACTS

On May 10, 2018, law enforcement officers conducted a search of Chen's residence and two safe deposit boxes pursuant to a search warrant authorized on May 8, 2018. (Mot. Hr'g Tr. 102:11–102:21, Oct. 3, 2022, Docket No. 147.) The Warrant Application sought evidence of violations of 18 U.S.C. § 2421, Transportation to Engage in Prostitution; 18 U.S.C. § 2422(a), Inducing or Coercing Interstate or Foreign Travel for Prostitution Activity; and 18 U.S.C. § 1956, Money Laundering. (Gov. Resp. Mem. Opp. Mot. Dismiss, Ex. 1 ("Warrant Appl."), at 1, Sep. 9, 2022, Docket No. 134-1.[1]) The items to be seized pursuant to the warrant included records, cash, currency, financial instruments, and keys to safe deposit boxes. (*Id.* at 97.) The warrant also included the seizure of "[r]ecords and information relating to the identity or location of the targets of

---

[1] The record contains two Warrant applications.  The first Warrant application specifically authorized the search of a codefendant's car.  Attachment B to this Warrant Application specified the items to be seized and the locations to be searched, which included Chen's residence and the safe deposit boxes. The second Warrant application, specific to Chen's residence and the safe deposit boxes, and containing the same Attachment B, was admitted into evidence at the hearing as Government Exhibit 11. (*See* Mot. Hr'g Tr. 144:5–22, Oct. 3, 2022, Docket No. 147.)

the conspiracy" and "[a]ny passports, identity, visa, and/or immigration documents." (*Id.* at 98.)

During the search of Chen's residence, officers seized Chen's U.S. passport, U.S. naturalization certificate, Minnesota driver's license, birth certificate, Social Security card, keys to safe deposit boxes, and over $33,000 in cash. (Mot. Hr'g Tr. 62:11–66:18.) Officers also seized a total of $340,000 from the safe deposit boxes, including $150,000 from a Wells Fargo box and $190,000 from a U.S. Bank box. (*Id.* at 25:17–28:6.)

Chen was present during the search of her residence and was given an inventory list that indicated "miscellaneous documents" were seized, but did not identify the specific identification and immigration documents that were seized. (*Id.* at 64:25–65:24.) Chen testified that "about a week" following the search, she realized that those documents were missing. (*Id.* at 66:4–18.) She later testified that she was in a different bedroom at the time her identification documents were seized. (*Id.* at 108:9–14.) Chen was able to obtain a replacement Minnesota driver's license by May 25, 2018, fifteen days after the search. (*Id.* at 91:19–23.) The replacement driver's license enabled Chen to drive, however she made no attempt at air travel. (*Id.* at 141:14–142:18.)

Around August 28, 2020, Chen received a job offer that required her passport or Social Security card to prove her right to work in the United States. (*Id.* at 77:8–78:21.) Chen testified that she attempted to obtain a replacement Social Security card but was unable to without her U.S. naturalization certificate. (*Id.*) She then asked her attorney to

recover her Social Security card but, according to her testimony, the United States did not return it. (*Id.*) Chen ultimately declined to accept the job because she could neither produce her Social Security card nor obtain a replacement card without her naturalization paperwork. (*Id.* at 83:2–8.) Chen did not attempt to get a replacement passport. (*Id.* at 128:16–130:10.) The United States eventually returned her Social Security card and her seized Minnesota driver's license during an evidence review in January 2022. (*Id.* at 100:14–25.) The United States retained her passport, and Chen was prohibited from having a passport as a condition of her pre-trial release. (*Id.* at 128:16–129:7.[2]) The United States also retained her U.S. naturalization certificate but provided a copy to Chen's counsel.[3] (*Id.* at 130:5–14.)

Chen was indicted on November 23, 2021, approximately three years and seven months after the search of her residence and the two safe deposit boxes. (Indictment, Nov. 23, 2021, Docket No. 1.) Chen testified that she was never arrested leading up to

---

[2] (*See also* Initial Appearance, Dec. 15, 2021, Docket No. 36; Order Setting Conditions of Release, Dec. 15, 2021, Docket No. 37.)

[3] The Government retained the Naturalization Certificate alleging that Chen failed to disclose a criminal conviction to U.S. Citizenship and Naturalization Services in order to obtain it. (Mot. Hr'g Tr. 130:5–132:5, Oct. 3, 2022, Docket No. 147.) The merits of this allegation are not at issue here.

the indictment, her initial appearance was conducted by video conference, and she was released with conditions following the appearance. (Mot. Hr'g Tr. at 125:6–16.[4])

Chen's counsel engaged Weili Filley, a private investigator, to locate and contact several potential witnesses for Chen's hearing on the present motion. (*Id.* at 223:4–8, 245:12-15.) Filley had successfully procured seven of the eleven potential witnesses for a similar motion in 2018 filed by Chen's codefendant.[5] (*Id.* at 224:9–25, 226:4–13, 228:7–10.) Chen's counsel first contacted Filley the week prior to the motion hearing on September 19, 2022, at which time counsel asked Filley to follow up with the seven witnesses for the purpose of testifying for Chen at trial. (*Id.* at 225:13–22, 245:10–18.) Filley testified that she attempted to contact the witnesses by phone and conducted internet searches to locate some of the witnesses, but she was only able to contact four of the seven that she had interviewed in 2018. (*Id.* at 244:13–253:21.) Filley believed that her efforts to contact the witnesses the week prior to the hearing were exhaustive but, after further questioning, suggested that she could have done more by attempting to physically go to their location. (*Id.* at 249:14–21.)

---

[4] (*See also* Initial Appearance, Dec. 15, 2021, Docket No. 36; Order Setting Conditions of Release, Dec. 15, 2021, Docket No. 37.)

[5] None of the witnesses testified at the hearing and their statements were excluded from the record as hearsay. Counsel for Chen admitted that they were hearsay but argued that they fell under the business records exemption. Following an objection by the Government, the Magistrate Judge ruled that the statements did not satisfy the business records exemption and were inadmissible. (Tr. 229:14–232:23, Oct. 3, 2022, Docket No. 147.)

## II.    PROCEDURAL HISTORY

Chen was indicted on November 21, 2021, for conspiracy to commit transportation to engage in prostitution, conspiracy to use a communication facility to promote prostitution, conspiracy to engage in money laundering, and engaging in monetary transactions in property derived from specified unlawful activity.  (Indictment at 1–8.)

Chen moved to dismiss the indictment for pre-indictment delay on the ground that the three-year and seven-month period between the execution of the search warrants and the return of the indictment violated her Sixth Amendment right to a speedy trial. (Mot. Dismiss for Pre-Indictment Delay, Dec. 14, 2021, Docket No. 24; Def. Am. Mot. Dismiss for Pre-Indictment Delay, Feb. 4, 2022, Docket No. 80.)  In the alternative, Chen argued that the same pre-indictment delay violated her Fifth Amendment due process right.  (*Id.*)

A motion hearing was held on September 19, 2022, and the court heard testimony from Chen and three witnesses: Special Agent Andrew Gibart, who executed the search warrant for the two safe deposit boxes; Bruce Olson, a private detective hired by Chen to attend two January 2022 evidence reviews; and Filley. (Mot. Hr'g Tr.  at 2; Def.'s Post-Hr'g Mem. Supp. Mot. Dismiss at 5, Oct. 17, 2022, Docket No. 156.)

Following the hearing, the Magistrate Judge issued a Report and Recommendation.  (R. & R., Nov. 30, 2022, Docket No. 216.)  The Magistrate Judge found that the Sixth Amendment's speedy trial protection was inapplicable during the pre-indictment period because she was not actually arrested nor charged with a crime prior

to her indictment. (*Id.* at 14.) Therefore, the Magistrate Judge declined to conduct a *Barker* analysis to determine whether the pre-indictment delay violated Chen's Sixth Amendment rights. (*Id.*) Further, the Magistrate Judge found that Chen failed to meet her burden of showing actual and substantial prejudice to support her Fifth Amendment due process claim because she only speculated that three out of seven witnesses would be unable to testify at trial, and Chen did not exhaust all efforts to contact the three unreached witnesses. (*Id.* at 16–20.) Accordingly, the Magistrate Judge recommended that the Court deny Chen's motion to dismiss on both grounds. (*Id.* at 23.)

Chen timely objected to the R&R on the Sixth Amendment speedy trial claim only. (Def.'s Objs. R. & R., Dec. 14, 2022, Docket No. 223.) Chen argues that the Magistrate Judge erred by finding that Chen was not arrested and by declining to conduct a *Barker* analysis to determine whether her right to speedy trial was violated. (*Id.* at 2.) The United States opposes Chen's objections. (Gov't Resp. Opp. Def.'s Objs. R. & R., Dec. 28, 2022, Docket No. 231.)

## DISCUSSION

### I. STANDARD OF REVIEW

After an R&R is filed by a magistrate judge, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Crim. P. 59(b)(2); *accord* 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b)(1). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No.

07–1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). For dispositive motions, the Court reviews "properly objected to" portions of an R&R *de novo*. Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3). "Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to de novo review, but rather are reviewed for clear error." *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015).

## II.   ANALYSIS

### A.   Sixth Amendment Right to a Speedy Trial

Chen claims that her Sixth Amendment right to a speedy trial was violated by a three-year and seven-month delay between the execution of the search warrants and her indictment. Chen argues that her "right to a speedy trial [was] triggered when the Government formally, unilaterally, and extra-judicially restrained Chen's freedom of movement by withholding her essential identifying documents, negating her citizenship, preventing her freedom of movement, and eliminating her ability to work." (Def.'s Post-Hr'g Mem. Supp. Mot. Dismiss at 9.) According to Chen, when federal agents seized and retained her U.S. passport, U.S. Social Security card, U.S. naturalization certificate, and Minnesota driver's license, "they seized Ms. Chen." (*Id.*) Unable to drive, fly, or work

without those documents, Chen argues that the United States "constructively arrested and imprisoned" her by imposing "restraints akin to arrest." (*Id.* at 9–10.[6])

The United States argues that Chen's right to a speedy trial does not extend to the pre-indictment period because the Sixth Amendment right attaches only after arrest or indictment, and Chen was not arrested prior to the indictment. Instead, the United States asserts that pre-indictment rights are protected by statutes of limitations which disincentivize delay.[7]

The Sixth Amendment establishes that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial…." U.S. Const. amend. VI. In *Barker v. Wingo*, the Supreme Court established a balancing test and identified four non-exclusive factors that a court should consider "in determining whether a particular defendant has been deprived of [their] right" to a speedy trial.[8] *Barker v. Wingo*, 407 U.S. 514, 530 (1972); *see also United States v. Johnson*, 990 F.3d 661, 670–71 (8th Cir. 2021). However,

---

[6] Chen makes the same argument in her post-hearing memorandum supporting dismissal. (*See* Def. Post-Hr'g Mem. Supp. Dismiss, Oct. 17, 2022, Docket No. 156.)

[7] Chen does not assert a challenge to the statute of limitations on this motion. Thus, the Court will not engage in such analysis.

[8] The four factors identified in *Barker* are: 1) length of delay, 2) the reason for the delay, 3) whether the defendant asserted their right to a speedy trial, and 4) whether the delay prejudiced the defendant. These four factors do not exclude consideration of other factors, and none of them are regarded "as either a necessary or sufficient condition to the finding of a deprivation of the right to a speedy trial." *Barker*, 407 U.S. at 530-33.

the right to a speedy trial "is activated only when a criminal prosecution has begun and extends only to those persons who have been 'accused' in the course of that prosecution." *United States v. Marion*, 404 U.S. 307, 313 (1971). Where a person is "not yet accused" of committing a crime, there is no protection. *Id.* "[N]o Sixth Amendment right to a speedy trial arises until charges are pending." *United States v. MacDonald*, 456 U.S. 1, 7 (1982). Therefore, "it is either a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge that engage the particular protections of the speedy trial provision of the Sixth Amendment." *Marion*, 404 U.S. at 320.

Chen relies heavily on *Marion*, which involved a criminal defendant moving to dismiss an indictment for a violation of his right to a speedy trial. (Def.'s Objs. R.&R. at 5.) However, *Marion* in fact goes against Chen's argument. In *Marion*, the defendant was only arrested after he was indicted, and his Sixth Amendment claim was based solely on a three-year pre-indictment delay. *Marion*, 404 U.S. at 313. The Court reversed the dismissal of defendant's indictment, holding that the unambiguous text of the Sixth Amendment applies only to a criminal prosecution and only to a person "'accused' in the course of that prosecution." *Id.* Absent arrest, the Sixth Amendment right to a speedy trial does not apply to the pre-indictment period because a person does not become officially accused until they are subject to criminal charges, by formal indictment,

-10-

information, or actual restraints imposed by arrest to answer a criminal charge. *See id.* at 320–21. The Court explained that an actual arrest triggers the speedy trial right because:

> Arrest is a public act that may seriously interfere with the defendant's liberty, whether he is free on bail or not, and that may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends.

*Id.* Here, the delay occurred prior to indictment, and Chen was never formally arrested. Instead, she attempts to establish that she was "constructively" arrested at the time that her identification documents were seized because such seizure affected her liberty by restricting her freedom of movement and her ability to obtain employment. Chen argues that these restrictions were to such a degree that was tantamount to arrest and imprisonment.

Chen's constructive arrest theory misses the mark. In the misapplication of *Marion*, Chen's theory fails to recognize *Marion's* central holding that the speedy trial provision "is activated **only** when a criminal prosecution has begun and extends only to those persons who have been 'accused' in the course of that prosecution." *Marion*, 404 U.S. at 313 (emphasis added).

Chen was not actually and formally arrested with charges imminently pending. She was not charged until she was indicted, and therefore she was not "accused," as required by the Sixth Amendment, until she was indicted. Undoubtedly, the seizure of Chen's identifying documents has resulted in significant, perhaps unwarranted, inconveniences to her freedom of movement and ability to obtain employment. "But with no charges

-11-

outstanding, [her] personal liberty [was] certainly not impaired to the same degree as it is after arrest while charges are pending." *MacDonald*, 456 U.S. at 9.

Further, Rule 41(g) of the Federal Rules of Criminal Procedure allows "a person aggrieved … by the deprivation of property" to file a motion for the return of that property. Fed. R. Crim. P. 41(g). The inconveniences Chen suffered could have been resolved, or at least substantially mitigated, by her filing a motion pursuant to Rule 41(g). Chen's counsel brought no such motion before the Court.

In sum, Chen was neither arrested nor charged during the three-year and seven-month pre-indictment period. Therefore, she did not become "accused" and subject to criminal prosecution, as required by the Sixth Amendment, until she was indicted on November 23, 2021. As such, the Magistrate Judge did not err in finding that the United States' seizure of Chen's identifying documents for three years and seven months did not constitute an arrest, constructive or otherwise, and thus the *Barker* factors did not apply. Accordingly, the Court will overrule Chen's objection as to the Sixth Amendment claim, adopt the R&R, and deny Chen's motion to dismiss.

### B.     Fifth Amendment Right to Due Process

Chen does not object to the Magistrate Judge's recommendation to deny the Motion to Dismiss as to her due process claim. Thus, the Magistrate Judge's recommendation on that claim is reviewed for clear error. *Montgomery*, 98 F. Supp. 3d at 1017.

Chen argues that the three-year and seven-month pre-indictment delay violated her right to due process because it caused actual and substantial prejudice in the form of lost witnesses that will be unavailable for trial. The Court finds that any prejudice, at this stage of the proceedings, is merely speculative and not ripe for adjudication.

Statutes of limitation are the primary protection against government delay in bringing charges, but the Fifth Amendment's due process clause also plays a limited role. *United States v. Lovasco*, 431 U.S. 783, 788–89 (1977) ("[S]tatutes of limitations, which provide predictable, legislatively enacted limits on prosecutorial delay, provide the primary guarantee, against bringing overly stale criminal charges") (internal quotations omitted); *United States v. Bartlett*, 794 F.2d 1285, 1289 (8th Cir. 1986). To succeed on a claim that an unreasonable pre-indictment delay violated their Fifth Amendment right to due process, the defendant has the burden of proving: (1) "actual and substantial prejudice to the presentation of the defense," (2) that the prejudice was a result of the delay, and (3) that the delay was intentional for "tactical advantage or to harass." *United States v. Gladney*, 474 F.3d 1027, 1030–31 (8th Cir. 2007); *see also Bartlett*, 794 F.2d at 1289–90. "Proof of actual prejudice makes a due process claim concrete and ripe for adjudication." *Lovasco*, 431 U.S. at 789. To establish actual prejudice, the "defendant must specifically identify witnesses or documents lost" during the delay, and they must show that the related testimony or information is both material to their defense and not available through other sources. *Bartlett*, 794 F.2d at 1289–90. "Speculative or

conclusory claims alleging 'possible' prejudice as a result of the [delay] are insufficient." *Id.* Without actual prejudice, the Court will not inquire into the reasons for the delay. *Gladney*, 474 F.3d at 1030–31.

Here, while Chen established that she was unable to contact three of the seven potential witnesses during the week prior to the motion hearing, she has not established that they will be unavailable to testify at trial. Chen's investigator testified that more could be done to contact the potential witnesses including physically going to their last known location. Further, nothing in the record indicates that the three uncontacted witnesses would be able to provide material testimony that the other four witnesses cannot. Filley was given approximately one week to contact the potential witnesses. It is entirely possible that continued efforts may produce those witnesses for trial. The Magistrate Judge correctly held that any prejudice to presenting Chen's defense at this stage is merely speculative.

## CONCLUSION

Because Chen was not officially accused of a crime and was not subject to criminal prosecution until she was indicted, her speedy trial right was not activated during the lengthy pre-indictment period. Therefore, the Magistrate Judge did not err by declining to apply the *Barker* factors. Additionally, because Chen merely speculated that three of her potential witness would be unavailable for trial, and because she did not establish that the information held by those witness could not be provided by other sources, the prejudice to her defense at trial is not yet actual and concrete and therefore not ripe for

adjudication at this stage in the proceedings. The Court will thus overrule Chen's objection, adopt the R&R, and deny Chen's motion to dismiss the Indictment.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Objections to Magistrate's Report and Recommendations on Motion to Dismiss for Pre-Indictment Delay [Docket No. 223] are **OVERRULED**.

2. The Report & Recommendation [Docket No. 216] is **ADOPTED**.

3. Defendant's Motion to Dismiss for Pre-Indictment Delay [Docket No. 24] and Amended Motion to Dismiss for Pre-Indictment Delay [Docket No. 80] are **DENIED**.

DATED: February 2, 2023　　　　　　　　　　　　*John R. Tunheim*
at Minneapolis, Minnesota.　　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge