# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,                                Case No. 21-cr-250 (JRT/TNL)

               Plaintiff,

v.                                                                                          **ORDER**

Jing Chen (1),
Ying Chen (2),
Li Yang (3), and
Xinhua Xiong (4),

               Defendants.

---

Laura Provinzino and Ana H. Voss, Assistant United States Attorneys, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for the Government);

Lauren Campoli, The Law Office of Lauren Campoli, PLLC, 7300 France Avenue, Suite 405, Minneapolis, MN 55435 (for Defendant Jing Chen);

Jean M. Brandl, Assistant Federal Defender, Office of the Federal Defender, 300 South Fourth Street, Suite 107, Minneapolis, MN 55415 (for Defendant Ying Chen);

Glenn P. Bruder, Mitchell, Bruder & Johnson, 9531 West 78th Street, Suite 210, Eden Prairie, MN 55344 (for Defendant Li Yang); and

Piper Kenney Wold, Law Office of Piper L. Kenney, 331 Second Avenue South, Suite 705, Minneapolis, MN 55401 (for Defendant Xinhua Xiong).

---

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on several pretrial motions.

Defendant Jing Chen has filed the following motions:

      1.  Motion to Sever, ECF No. 83;

2. Motion to Disclose and Make Informants Available for Interview, ECF No. 86;

3. Motion for Brady Materials, ECF No. 87;

4. Motion for Disclosure of 404(b) Evidence, ECF No. 88;

5. Motion to Disclose Prior Witness Statements (Jencks Act Materials), ECF No. 93.

Defendant Ying Chen has filed the following motions:

1. Motion for a Bill of Particulars, ECF No. 52;

2. Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant, ECF No. 160;

3. Motion for Discovery and Inspection, ECF No. 161;

4. Motion for Early Disclosure of Jencks Act Material, ECF No. 162;

5. Motion for Government Agents to Retain Rough Notes, ECF No. 163;

6. Motion for Discovery of Expert Under Rule 16(a)(1)(G), ECF No. 164;

7. Pretrial Motion for Disclosure of 404(b) Evidence, ECF No. 165;

8. Pretrial Motion to Disclose and Make Informant(s) Available for Interview, ECF No. 189; and

9. Pretrial Motion to Participate in Voir Dire, ECF No. 190.

Defendant Li Yang has filed the following motions:

1. Motion for Disclosure of 404 Evidence, ECF No. 167;

2. Motion for Disclosure of Exculpatory Evidence, ECF No. 168;

3. Motion for Disclosure of Expert Under Rule 16(a)(1)(G), ECF No. 169;

4. Motion for Discovery and Inspection of Products and Records of Electronic Surveillance, ECF No. 170;

5.  Motion for Discovery, ECF No. 171;

6.  Motion for Early Disclosure of Jencks Act Material, ECF No. 172;

7.  Motion for Government Agents to Retain Rough Notes, ECF No. 173;

8.  Motion for Grand Jury Transcripts, ECF No. 174;

9.  Motion for Notice of Government's Intent to Use Residual Hearsay Exception Under Rule 807, ECF No. 175;

10. Motion for Participation by Counsel in Voir Dire, ECF No. 176;

11. Motion to Disclose and Make Informant Available for Interview and to Disclose Promises of Favorable Treatment, ECF No. 177; and

12. Motion for Pretrial Disclosure of Government Exhibits and Trial Witnesses, ECF No. 180.

Defendant Xinhua Xiong has filed the following motions:

1.  Motion for Bill of Particulars, ECF No. 58;

2.  Motion for Discovery, ECF No. 59;

3.  Motion for Government Agents to Retain Rough Notes, ECF No. 60;

4.  Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant, ECF No. 61;

5.  Second Motion for Discovery, ECF No. 125;

6.  Motion for Early Disclosure of Jencks Act Material, ECF No. 182; and

7.  Pretrial Motion for Disclosure of 404 Evidence, ECF No. 183.

The United States of America (the "Government") has also filed a Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2, ECF No. 47.

A hearing on the motions was held on December 9, 2022.  ECF No. 220.  Laura Provinzino appeared on behalf of the Government.  Lauren Campoli appeared on behalf of Defendant Jing Chen.  Jean M. Brandl appeared on behalf of Defendant Ying Chen.  Glenn P. Bruder appeared on behalf of Defendant Li Yang.  Daniel S. Le appeared on behalf of Defendant Xinhua Xiong.[1]  Based upon the record, memoranda, and oral arguments of counsel, **IT IS HEREBY ORDERED** as follows:

1.      Defendant Jing Chen's Motion to Sever, ECF No. 83, is **DENIED WITHOUT PREJUDICE**.

Defendant Jing Chen moves "for an Order severing her case from that of her co-defendants" Ying Chen, Li Yang, and Xinhua Xiong.  ECF No. 83 at 1.  She argues that the Indictment does not support a joint prosecution because (1) it forces her to "compromise her Sixth Amendment right to a speedy trial," and (2) she "cannot be tried fairly when evidence related solely to codefendants and their businesses, of which [Defendant Jing Chen] made no agreement and took no part, is admitted at a joint trial." *Id*. at 1-2.  The Government opposes severance.  Gov't's Consolidated Resp. at 6-10.

"When a defendant moves for a severance, a district court must first determine whether joinder is proper under Federal Rule of Criminal Procedure 8.  If joinder is proper, the court still has discretion to order a severance under Federal Rule of Criminal Procedure 14."  *United States v. Darden*, 70 F.3d 1507, 1526 (8th Cir. 1995).  In contrast to Minnesota

---

[1] On January 17, 2023, Attorney Daniel S. Le filed a Motion to Withdraw and For Appointment of Substitute Counsel, stating that he accepted another position and will no longer be practicing criminal law.  ECF No. 234.  On January 19, 2023, the Court granted Attorney Le's motion and appointed Attorney Piper Kenney Wold as substitute counsel for Defendant Xinhua Xiong.  ECF No. 239.

state jurisprudence where joinder of defendants is relatively rare, the Federal Rules of Criminal Procedure are "liberally construed in favor of joinder," and joinder of defendants in the federal system commonly occurs. *See United States v. Rimell*, 21 F.3d 281, 288 (8th Cir. 1994); *Darden*, 70 F.3d at 1526.

In general, "[p]ersons charged in a conspiracy or jointly indicted on similar evidence from the same or related events should be tried together, even if each defendant did not participate in or was not charged with each offense." *United States v. Gravatt*, 280 F.3d 1189, 1191 (8th Cir. 2002) (citation omitted); *see United States v. Voss*, 787 F.2d 393, 401 (8th Cir. 1986) ("[P]ersons charged in the same offense should be tried together, especially when proof against them is based upon the same evidence or acts."); *United States v. Beasley*, 102 F.3d 1440, 1448 (8th Cir. 1996) ("Where codefendants are charged with the same crimes . . . and the crimes of the codefendants will be proved by the same evidence, joint trials are generally favored."). "Trying codefendants together not only conserves scarce time and resources, but also 'gives the jury the best perspective on all of the evidence and therefore increases the likelihood of a correct outcome.'" *United States v. Hively*, 437 F.3d 752, 765 (8th Cir. 2006) (quoting *Darden*, 70 F.3d at 1528).

Pursuant to Rule 8, an indictment

> may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Crim. P. 8(b). Here, the Government alleges that "[D]efendants are alleged to have joined in conspiracies that took place over several years with a common purpose of running

illicit massage businesses and advertising for them and laundering the proceeds from them." Gov't Consolidated Resp. at 7. Further, the Government argues that Defendant Jing Chen should be jointly tried with her co-defendants because she testified at the September 19, 2022 hearing that "she jointly held a bank account with co-defendant . . . Xinhua Xiong," and they "paid for commercial sex ads, apartments for the massage parlor workers, and other expenses to promote the business." *Id*.

In Count 1 of the Indictment, all four Defendants are charged with conspiracy to commit transportation to engage in prostitution. ECF No. 1 at 1. Defendants are alleged to have "conspired with one another . . . [to] transport[ ] any individual in interstate and foreign commerce with intent that such individual engage in prostitution and in any sexual activity for which any person can be charged with a criminal offense." *Id*. at 1-2. In Count 2 of the Indictment, Defendants Jing Chen, Ying Chen, and Xinhua Xiong are charged with conspiracy to use a communication facility to promote prostitution. *Id*. at 4. All four Defendants are charged with conspiracy to engage in money laundering in Count 3. *Id*. at 6-7. And Defendants Jing Chen and Ying Chen are charged with engaging in monetary transactions in property derived from specified unlawful activity in Counts 4 and 5. *Id*. at 8.

While Defendants do not all face the same charges, the Court finds that there is a significant amount of overlap and interplay between the charges. The Court agrees with the Government that "were the Court to grant severance, the [Government] essentially would have to try the same case four times." *See* Gov't Consolidated Resp. at 7. Therefore, the Court finds joinder is proper in this case under Rule 8.

6

Although Rule 8 permits joinder, "a trial court may order separate trials on different counts, or sever certain defendants' cases from others,' to protect defendants' fair-trial rights." *United States v. Delpit*, 94 F.3d 1134, 1143 (8th Cir. 1996) (citing Fed. R. Crim. P. 14(a); *Darden*, 70 F.3d at 1527). Severance is warranted "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). Where multiple defendants have been charged in the same indictment, "there is a preference for a joint trial unless the benefits are outweighed by a clear likelihood of prejudice." *Hively*, 437 F.3d at 765 (citing *Zafiro* 506 U.S. at 537 ); *see also United States v. McCarther*, 596 F.3d 438, 442 (8th Cir. 2010) ("[T]here is a strong presumption against severing properly joined counts."); *United States v. Voigt*, No. 13-cr-35 (2) (PJS/SER), 2015 WL 6872455, at *1 (D. Minn. Nov. 9, 2015) ("In the federal system, there is a preference for joint trials of defendants who are indicted together.") (citation omitted). "[T]here is no requirement in a joint trial that the quantum of evidence of each defendant's culpability be equal." *United States v. Flores*, 362 F.3d 1030, 1042 (8th Cir. 2004) (quotation omitted).

"Consequently, [Defendant Jing Chen] carries a heavy burden in demonstrating that severance is mandated." *See United States v. Young*, 753 F.3d 757, 777 (8th Cir. 2014). She must show that a joint trial would cause "real prejudice." *United States v. Mickelson*, 378 F.3d 810, 817-18 (8th Cir. 2004); *see United States v. Pherigo*, 327 F.3d 690, 693 (8th Cir. 2003) ("necessary prejudice must be severe or compelling") (quotation omitted). This is "something more than the mere fact that [she] would have had a better chance for

acquittal had [s]he been tried separately." *See Mickelson*, 378 F.3d at 818 (quotation omitted); *see also Hively*, 437 F.3d at 765 ("Severance is never warranted simply because the evidence against one defendant is more damaging than against another."). "To demonstrate this prejudice, '[she] must show that h[er] defense was irreconcilable with that of the codefendant[s] or that the jury [is] unable to compartmentalize the evidence.'" *See United States v. Anderson*, 783 F.3d 727, 743 (8th Cir. 2015) (quoting *United States v. Lewis*, 557 F.3d 601, 609 (8th Cir. 2009)). The Court must further balance "the inconvenience and expense of separate trials against the prejudice resulting from a joint trial." *Pherigo*, 327 F.3d at 693; *see also Hively*, 437 F.3d at 765 (where multiple defendants have been charged in the same indictment, "there is a preference for a joint trial unless the benefits are outweighed by a clear likelihood of prejudice"). "Rule 14 leaves the determination of risk of prejudice and any remedy that may be necessary to the sound discretion of the district courts." *Zafiro*, 506 U.S. at 541.

Defendant Jing Chen argues that joinder is prejudicial because "proceeding jointly, [she] must compromise her Sixth Amendment right to a speedy trial to the sole benefit of her co-defendants." ECF No. 83; *see also* Def.'s Mem. in Supp. at 1, ECF No. 84. She argues that she "has been constructively imprisoned for three years and eight months" because the Government seized all of her essential identifying documents, while her co-defendants "have not been so imprisoned and have agreed to waive their rights under the Speedy Trial Act and the Sixth Amendment." Def.'s Mem. in Supp. at 1-2. She argues that joinder causes her prejudice because her co-defendants have moved for extensions of time to file their motions, while she has been effectively imprisoned without due process

of law.  *Id*. at 5; *see also* ECF No. 83 at 3.  The Court, however, rejected this argument previously when it denied her motions to dismiss the indictment for pre-indictment delay. *See United States v. Chen*, No. 21-cr-250 (1) (JRT/TNL), 2023 WL 1466503, at *5 (D. Minn. Feb. 2, 2023) ("[D]efendant was neither arrested nor charged during the three-year and seven-month pre-indictment period . . . [and the] seizure of [her] identifying documents for three years and seven months did not constitute an arrest, constructive or otherwise . . . ."). Thus, there is no basis for the Court to conclude that Defendant Jing Chen's alleged constructive imprisonment during the pre-indictment delay period is so prejudicial as to warrant severance.  Further, at this stage in the litigation, the pretrial motions have been fully briefed and, now, decided.  Jury trial has been scheduled for May 1, 2023.  *See* ECF No. 238.  Her argument that her speedy trial right will be compromised by extensions of the motion filing date is now moot.

Defendant Jing Chen also argues that joinder is prejudicial because "the jury will not be able to compartmentalize the evidence as it relates to each defendant." Def.'s Mem. in Supp. at 5.  "Prejudice can be demonstrated by showing that the jury will be unable to compartmentalize the evidence as it relates to the separate defendants because of a 'prejudicial spillover effect.'" *Hively*, 437 F.3d at 765 (quoting *Mickelson*, 378 F.3d at 817).  This requires a defendant to make "a specific showing that a jury could not reasonably be expected to compartmentalize the evidence." *Id.* (citations omitted); *see also United States v. Sotelo-Valdovinos*, No. 14-cr-289 (11) (SRN/JSM), 2015 WL 2454048, at *4 (D. Minn. May 22, 2015) ("[A] defendant seeking severance has the heavy

burden of demonstrating that a joint trial will impermissibly infringe h[er] right to a fair trial.") (internal quotation omitted).

Defendant Jing Chen contends that "the potential for racial prejudice and conflation of the evidence is very high."  Def.'s Mem. in Supp. at 6.  According to Defendant Jing Chen, "[i]f the case remains joined, the jury will hear of several massage businesses where all the codefendants are Asian. This will work the blatant stereotypes endorsed by the Government. The misconceptions and stereotypes, much stronger if presented together, will serve as the jury's evidentiary 'glue' to stick a conviction, when none should occur." *Id*. These arguments, however, are insufficient for Defendant Jing Chen to meet her burden to show that a joint trial with her co-defendants will infringe upon her right to a fair trial or result in a clear likelihood of prejudice.  Where there is only some risk of prejudice by joinder, proper jury instructions can cure the risk of prejudice.  *Zafiro*, 506 U.S. at 540; *Mickelson*, 378 F.3d at 818 ("The risk of prejudice posed by joint trials is best cured by careful and thorough jury instructions."); *see also United States v. Pherigo*, 327 F.3d 690, 693 (8th Cir. 2003) ("In our consideration of the jury's ability to compartmentalize the evidence against the joint defendants, we consider 1) the complexity of the case; 2) if one or more of the defendants were acquitted; and 3) the adequacy of admonitions and instructions by the trial judge.").  Here, Defendant Jing Chen does not argue that a limiting instruction would not alleviate prejudice.  As noted above, evidentiary proof against Defendants will likely be the same or have significant overlap because the Government will need to prove the links of the conspiracy between Defendants, who are all charged with participation in a prostitution conspiracy.  The Court finds that adequate jury

instructions and admonitions by the trial judge would be sufficient in this case to assist the jury's ability to compartmentalize the evidence and prevent prejudice. Further, the benefits of a joint trial in this case are compelling. Defendants are charged in a conspiracy. The overlapping evidence will give the jury the best perspective, increasing the likelihood of a correct outcome. A joint trial will also conserve scarce judicial time and resources.

Defendant Jing Chen has not demonstrated a clear likelihood of prejudice and her motion to sever is therefore denied. But while the Court finds that severance is not appropriate at this time, developments may occur as this case moves closer to trial and even as the parties' strategies unfold during trial that may justify severance. The district court, within its sound discretion, can provide that remedy if appropriate under the circumstances at that time should it occur in the future. Thus, the denial of severance is without prejudice.

The Court notes, however, that even if Defendant Jing Chen were able to show prejudice in the future, the remedy would not necessarily be severance. As stated by the Supreme Court in *Zafiro*, "Rule 14 does not require severance even if prejudice is shown; rather it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." 506 U.S. at 538-39. The Eighth Circuit has repeatedly held that "[t]he risk of prejudice posed by joint trials is best cured by careful and thorough jury instructions." *Mickelson*, 378 F.3d at 818; *see, e.g.*, *United States v. Sanchez-Garcia*, 685 F.3d 745, 754 (8th Cir. 2012) ("The risk of prejudice in a joint trial is best addressed by jury instructions . . . ."); *United States v. Boone*, 437 F.3d 829, 838 (8th Cir. 2006) ("Where multiple defendants are tried together, the risk of undue prejudice is best cured through cautionary instructions to the jury . . . ."); *Delpit*, 94 F.3d at 1144 ("The Supreme Court

11

has made it clear that the risk of prejudice posed by joint trials is best cured by careful and thorough jury instructions like those given by the District Court in this case."); *see also United States v. Kuenstler*, 325 F.3d 1015, 1024 (8th Cir. 2003) (affirming denial of motion to sever based on use of limiting instructions where jury heard evidence of co-defendant's prior criminal record, greater involvement in charged offense, prior participation in similar conduct, and threat to co-conspirator).

2.     Defendant Jing Chen's Motion to Disclose and Make Informants Available for Interview, ECF No. 86, Defendant Ying Chen's Pretrial Motion to Disclose and Make Informant(s) Available for Interview, ECF No. 189, and Defendant Li Yang's Motion to Disclose and Make Informant Available for Interview and to Disclose Promises to Favorable Treatment, ECF No. 177, are **DENIED**.

Defendants Jing Chen, Ying Chen, and Li Yang move "for an Order requiring the Government to disclose the identity of any informant or informants utilized by the Government in the investigation of [this] matter for the purposes of impeachment evidence, to make such informant(s) available for interview by [Defendants'] attorney[s], in preparation for trial, and to disclose the prior criminal convictions of such informant(s)." ECF No. 86 at 1; *see also* ECF No. 177 at 1-2; ECF No. 189 at 1.

Defendant Jing Chen contends specifically that there is a reference in the search warrant affidavit of a source of information who claims that she was involved in wrongdoing.  ECF No. 86 at 2.  The source of information is believed to be a former employee of Defendant Jing Chen who was let go for inappropriate work conduct, and the investigating officer noted that the source of information may have questionable motives.

*Id.*  Thus, Defendant Jing Chen contends that the identification of the source of information and their statement constitutes material and favorable information and must be provided so she can prepare her defense.  *Id.*

Defendant Ying Chen contends that the source of information must be disclosed because they are "either a participant or witness to the charged crimes or bad acts" so "the requested disclosures are relevant and helpful to the defense of [Defendant Ying] Chen and are essential to a fair determination of the case . . . ."  ECF No. 189 at 2.  Further, Defendant Ying Chen states that she "anticipates that the Government will proffer and rely upon the informant's statements in response to [her] Motion to Suppress Evidence Obtained as a Result of Search and Seizure (ECF Doc. No. 188)."  *Id.* at 2-3.

Defendant Li Yang does not make any specific contentions or arguments relating to this motion.  *See* ECF No. 177.

The Government states that the source of information in this case "is not a material witness but rather is a mere tipster, i.e., a person who merely convey[ed] information but d[id] not witness or participate in the offense."  Gov't's Consolidated Resp. at 12 (citation and internal quotations omitted).  The Government contends specifically:

> Here, one source of information ('SOI') meriting one paragraph of information and footnote in the nearly 90-page search warrant affidavit merely provided a tip to the investigating officers regarding the defendant's involvement with the massage parlor in St. Louis Park – a fact that defendant [Jing Chen] admitted at the September 19, 2022 motions hearing. This tip was sufficiently independently corroborated by investigators. The indicted offenses form the basis of the indictment, not any tip from the source of information. Significantly, the [Government] does not intend (nor does it need) to call the SOI as [a] witness at trial to prove its case.

13

*Id*. at 11 (citations omitted); *see also* Gov't's Resp. at 5-6, ECF No. 200.

"In *Roviaro v. United States*, the Supreme Court recognized the government's privilege to withhold the identity of a confidential informant." *United States v. Alcantar*, 271 F.3d 731, 739 (8th Cir. 2001) (citing 353 U.S. 53, 59 (1957)). In determining whether disclosure of an informant's identity is required, "the threshold issue is whether the informant is a material witness." *Carpenter v. Lock*, 257 F.3d 775, 779 (8th Cir. 2001).

"Where the witness is an active participant or witness to the offense charged, disclosure will almost always be material to the accused's defense." *Devose v. Norris*, 53 F.3d 201, 206 (8th Cir. 1995) (emphasis added) (footnote omitted). "In cases involving 'tipsters' who merely convey information to the government but neither witness nor participate in the offense, disclosure is generally not material to the outcome of the case and is therefore not required." *United States v. Harrington*, 951 F.2d 876, 878 (8th Cir. 1991) (citing *United States v. Bourbon*, 819 F.2d 856, 860 (8th Cir. 1987)); *accord United States v. Lapsley*, 334 F.3d 762, 764 (8th Cir. 2003) ("Consequently, disclosure is typically not required when the informant merely conveys information to the government but neither witnesses nor participates in the offense." (quotations omitted)); *Alcantar*, 271 F.3d at 739 (government had no obligation to reveal informant's identity where informant did not participate in crime charged or testify at trial).

Defendants bear the burden of showing beyond mere speculation that the disclosure of an informant would be material and helpful to their case. *See United States v. Roberson*, 439 F.3d 934, 940 (8th Cir. 2006); *Alcantar*, 271 F.3d at 739. If a trial court orders

14

disclosure absent a showing of materiality, it abuses its discretion." *United States v. Bias*, No. 17-cr-318(06) (SRN/FLN), 2018 WL 3336770, at *2 (D. Minn. July 6, 2018).

Based on the record before the Court, there is no indication beyond mere speculation that an informant participated in or witnessed the offense charged.  Moreover, at the hearing, the Government agreed to identify the source of information and provide any Jencks Act material 30 days before trial if the Government chooses to call the individual as a witness at trial in order to give Defendants an opportunity to investigate and prepare. Accordingly, the Court denies Defendants' motions.

3.    Defendant Jing Chen's Motion for Brady Materials, ECF No. 87, Ying Chen's Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant, ECF No. 160, Defendant Li Yang's Motion for Disclosure of Exculpatory Evidence, ECF No. 168, and Defendant Xinhua Xiong's Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant, ECF No. 61, are **GRANTED IN PART** and **DENIED IN PART**.

Defendants seek disclosure of evidence favorable to them under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny.  *See generally* ECF Nos. 61, 87, 160, 168.  The Government states that it is aware of its obligations under these authorities and has complied and will continue to comply fully with those obligations.  Gov't's Consolidated Resp. at 5-6.  The Government objects to the extent Defendants seek disclosures beyond the requirements of *Brady*, *Giglio*, and their progeny.

"The Due Process Clause of the Fifth Amendment requires the government to disclose to the accused favorable evidence that is material to guilt or punishment." *United States v. Dones-Vargas*, 936 F.3d 720, 722 (8th Cir. 2019) (citing *Brady*, 373 U.S. at 87); *see United States v. Whitehill*, 532 F.3d 746, 753 (8th Cir. 2008) ("*Brady* applies to exculpatory and impeachment evidence, whether or not the accused has specifically requested the information." (citations omitted)).   "The [Supreme] Court has extended *Brady* protection to witness-credibility evidence when the reliability of the witness 'may well be determinative of guilt or innocence.'" *United States v. Sigillito*, 759 F.3d 913, 930 (8th Cir. 2014) (quoting *Giglio*, 405 U.S. at 154); *accord Dones-Vargas*, 936 F.3d at 722; *see Whitehill*, 532 F.3d at 753.   "One reason for this extension to witness-credibility evidence is because exposure of a witness's motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." *Sigillito*, 759 F.3d at 930 (quotation omitted).   The Eighth Circuit Court of Appeals "ha[s] determined that witness motivations, like the payment of money as an incentive to change testimony, fall within the *Brady* disclosure requirement." *Id.* (citing *United States v. Librach*, 520 F.2d 550, 554 (8th Cir. 1975)).   "Furthermore, the prosecutor must disclose the possibility of a reward that gives the witness a personal stake in the defendant's conviction." *Id.* (citing *United States v. Bagley*, 473 U.S. 667, 683 (1985)).

Defendants' motions are granted in part to the extent that the Government shall comply fully with its obligations under *Brady*, *Giglio*, and their progeny and disclose all exculpatory and impeachment evidence as well as Jencks Act, 18 U.S.C. § 3500, and Federal Rule of Criminal Procedure 26.2 materials.   *See United States v. Mazzulla*, 952

F.3d 1091, 1100 (8th Cir. 2019).  If the Government subsequently discovers additional exculpatory or impeachment evidence, it shall disclose such evidence as soon as practicable after such discovery.

To the extent Defendants seek discovery and disclosures outside the Government's obligations or seeks materials that have already been produced, the motions are denied. *See United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000) ("Criminal defendants do not have a general constitutional right to discovery.").

4.    Defendant Jing Chen's Motion for Disclosure of 404(b) Evidence, ECF No. 88, Defendant Ying Chen's Pretrial Motion for Disclosure of 404(b) Evidence, ECF No. 165, Defendant Li Yang's Motion for Disclosure of 404 Evidence, ECF No. 167, and Defendant Xinhua Xiong's Pretrial Motion for Disclosure of 404 Evidence, ECF No. 183, are **GRANTED IN PART** and **DENIED IN PART**.

Defendants each request immediate disclosure of "any 'bad act' or 'similar course of conduct' evidence" the Government intends to introduce at trial under Rule 404(b) of the Federal Rules of Evidence and the "witnesses through whom such evidence will be presented at trial."  *See* ECF No. 88 at 1; ECF No. 165 at 1; ECF No. 167 at 1; ECF No. 183 at 1.

The Government states that it "is aware of its disclosure obligations under Rule 404 and already has complied and intends to continue to comply fully with those obligations." Gov't's Consolidated Resp. at 13.  The Government objects to "immediately notify[ing] the defendants of any Rule 404(b) evidence it intends to use," but "offers to do so 14 days before trial."  *Id*.  The Government also "requests that any order be strictly drawn to require

17

no more than what is encompassed by Rule 404(b)." *Id.*

At the hearing, Defendants Jing Chen and Ying Chen requested that the Government produce such evidence 30 days prior to trial. Defendants Li Yang and Xinhua Xiong agreed to the Government's proposal of 14 days prior to trial.

Rule 404(b) requires the Government to provide reasonable written notice before trial when evidence of a crime, wrong, or other act will be used to "prov[e] motive opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2); *see* Fed. R. Evid. 404(b)(3)(A) (prosecutor must "provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it"), (C) (in writing). The Government is required to "articulate in the notice the permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B). Rule 404(b) does not, however, require that the Government "disclose directly or indirectly the names and addresses of its witnesses, something it is currently not required to do under [Fed. R. Crim. P.] 16." Fed. R. Evid. 404(b) advisory committee's notes, 1991 Amendments; *see United States v. Polk*, 715 F.3d 238, 249 (8th Cir. 2013); *United States v. Hamilton*, 452 F.2d 472, 479 (8th Cir. 1971).

Further, "Rule 404(b) . . . applies to the admission of wrongful-act evidence that is extrinsic to the charged offense . . . ." *United States v. Ruiz-Chavez*, 612 F.3d 983, 988 (8th Cir. 2010). It does not apply to intrinsic evidence. *Id.*; *see also United States v. Beltz*, 385 F.3d 1158, 1162 (8th Cir. 2004) ("Evidence that is relevant to the crime charged is not other crimes evidence."). "Evidence of other wrongful conduct is considered intrinsic

18

when it is offered for the purpose of providing the context in which the charged crime occurred." *Ruiz-Chavez*, 612 F.3d at 988 (quotation omitted).

The Court finds that providing notice of Rule 404(b) evidence 14 days prior to trial is reasonable in this case. Accordingly, no later than 14 days prior to trial, the Government shall provide reasonable written notice of all "extrinsic" evidence then known to the Government that the Government intends to offer within the purview of Rule 404(b), "articulat[ing] the permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose." *See* Fed. R. Evid. 404(b)(3)(B). If the Government subsequently discovers additional extrinsic evidence, it shall provide reasonable notice of such evidence as soon as practicable after such discovery. *See* Fed. R. Evid. 404(b)(3)(C). The motions are otherwise denied.

5.      Defendant Jing Chen's Motion to Disclose Prior Witness Statements (Jencks Act Materials), ECF No. 93, Defendant Ying Chen's Motion for Early Disclosure of Jencks Act Material, ECF No. 162, Defendant Li Yang's Motion for Early Disclosure of Jencks Act Material, ECF No. 172, and Defendant Xinhua Xiong's Motion for Early Disclosure of Jencks Act Material, ECF No. 182, are **DENIED**.

Defendants Ying Chen, Li Yang, and Xinhua Xiong each seek early disclosure of Jencks Act materials, requesting that such materials be disclosed at least two weeks before trial. ECF No. 162 at 2; ECF No. 172 at 1; ECF No. 182 at 1. Defendant Jing Chen also seeks early disclosure of Jencks Act materials, but requests that such materials be disclosed 30 days before trial. ECF No. 93 at 2.

While the Government objects to any Court-ordered early disclosure, the Government states that it will voluntarily "disclose Jencks Act material at least three business days before trial."  Gov't's Consolidated Resp. at 21-22, 22 n.4.  At the hearing, the Government agreed to voluntarily disclose Jencks Act material seven days before trial. The Government asserts that "most if not all Jencks Act material, including [Special Agent] Tschida's grand jury transcript, have been disclosed already."  *Id.* at 22 n.4.

By its terms,

> [t]he Jencks Act does not compel the government to produce a statement or report of a government witness until after the witness has testified on direct examination, after which the defendant may move for the production of any statements in the government's possession made by that witness relating to the subject matter of his testimony.

*United States v. Green*, 151 F.3d 1111, 1115 (8th Cir. 1998); *see* 18 U.S.C. § 3500(b). "Although in many cases the government freely discloses Jencks Act material to the defense in advance of trial, the government may not be required to do so."  *Green*, 151 F.3d at 1115 (quotation omitted); *accord United States v. Wilson*, 102 F.3d 968, 971-72 (8th Cir. 1996).  Defendants' requests for early disclosure of Jencks Act materials are therefore denied.  While the Court is not ordering the Government to disclose Jencks Act materials early, the Court encourages the parties to disclose such materials no less than seven days before trial as proposed by the Government.

6.     Defendant Ying Chen's Motion for a Bill of Particulars, ECF No. 52, and Defendant Xinhua Xiong's Motion for Bill of Particulars, ECF No. 58, are **DENIED**.

Defendants Ying Chen and Xinhua Xiong move "for an order compelling the Government to file a Bill of Particulars, setting forth the nature of the charges against [them] with enough specificity to allow [them] to prepare for trial or to resolve [their] case[s]." ECF No. 52 at 1; *see also* ECF No. 58 at 1.  Specifically, Defendants Ying Chen and Xinhua Xiong request that the Government file a Bill of Particulars including the names of certain persons referenced in the Indictment and lists of unlawful activities which created criminally derived proceeds, any and all alleged co-conspirators, and any overt acts committed specifically by Defendants Ying Chen and Xinhua Xiong.  ECF No. 52 at 1-2; ECF No. 58 at 1-2.  In response, the Government contends that Defendants have "failed to show any need for a bill of particulars" because the Indictment complies fully with Federal Rule of Criminal Procedure 7(c)(1) and Defendants have been "provided with voluminous discovery including search warrants, commercial sex advertisements, bank accounts, and digital devices."  Gov't's Consolidated Resp. at 2.  The Government asserts that "the [I]ndictment and detailed discovery provided to the defendant[s] together afford more than enough information to understand the charges and prepare a defense."  *Id*. at 3.  Further, the Government contends that the motions should be denied as moot because the Government "packaged" discovery in response to overt acts specifically listed in the Indictment after the August 17, 2022 status conference with the Court.  *Id*.

"If a defendant believes that an indictment does not provide enough information to prepare a defense, then he or she may move for a bill of particulars."  *United States v. Livingstone*, 576 F.3d 881, 883 (8th Cir. 2009) (citing Fed. R. Crim. P. 7(f)).  "A bill of particulars is not to be used for discovery purposes."  *United States v. Hill*, 589 F.2d 1344,

1352 (8th Cir. 1979); *accord United States v. Hester*, 917 F.2d 1083, 1084 (8th Cir. 1990). "The purpose of a bill of particulars is to inform the defendant of the nature of a charge with sufficient precision to enable h[er] to prepare for trial and to avoid or minimize the danger of surprise at trial." *See Livingstone*, 576 F.3d at 883 (internal quotation marks omitted). "The district court, in its discretion, may order the government to provide requested additional detail where the particulars set out in the indictment fail sufficiently to apprise the defendant of the charges to enable h[er] to prepare a defense." *See United States v. Garrett*, 797 F.2d 656, 665 (8th Cir. 1986).

After careful consideration, the Court determines that Defendants Ying Chen and Xinhua Xiong's requests for a bill of particulars should be denied. The Indictment informs Defendants sufficiently of the nature of the charges with sufficient precision to enable them to prepare for trial. As the Court is aware, the Government has extensive discovery in this case, and has made it available to Defendants. Further, the Government "packaged" discovery in response to overt acts specifically listed in the Indictment in response to the August 17, 2022 status conference with the Court. *See* Gov't's Consolidated Resp. at 3. The discovery already provided, combined with the information set forth in the Indictment, is "more than sufficient to enable [Defendants] to understand the nature of the charges, prepare a defense, and avoid unfair surprise." *See United States v. Huggans*, 650 F.3d 1210, 1220 (8th Cir. 2011) (citing *Livingstone*, 576 F.3d at 883). Accordingly, the Court denies Defendants Ying Chen and Xinhua Xiong's motions for a bill of particulars.

7.     Defendant Ying Chen's Motion for Discovery and Inspection, ECF No. 161, Defendant Li Yang's Motion for Discovery, ECF No. 171, and Defendant Xinhua Xiong's

Motion for Discovery, ECF No. 59, are **GRANTED IN PART** and **DENIED IN PART**. Additionally, Defendant Ying Chen's Motion for Discovery of Expert Under Rule 16(a)(1)(G), ECF No. 164, and  Defendant Li Yang's Motion for Disclosure of Expert Under Rule 16(a)(1)(G), ECF No. 169, are **GRANTED**.   Further, the Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2, ECF No. 47, is **GRANTED**.

The Government seeks discovery available under Federal Rules of Criminal Procedure 12.1, 12.2, 12.3, 16(b), and 26.2.  *See generally* ECF No. 47.  Accordingly, the Court grants the Government's motion for discovery.

Defendants Ying Chen and Xinhua Xiong generally seek materials subject to disclosure under Rule 16(a)(1)(A), (B), (D), (E), (F), and (G) of the Federal Rules of Criminal Procedure as well as an order for continuing disclosure.  *See generally* ECF Nos. 59, 161.  Generally citing "Rule 16 of the Federal Rules of Criminal Procedure, and such other statutory and constitutional rules relating to discovery," Defendant Li Yang seeks a laundry list of discovery.  *See generally* ECF No. 171 ¶¶ 1-21.  Some of the materials requested are subject to disclosure under Rule 16(a)(1)(A) through (G) of the Federal Rules of Criminal Procedure.  *See, e.g.*, ECF No. 171 ¶¶ 1-3, 5-6.  Defendant Li Yang also seeks an order for continuing disclosure and requests that the discovery be produced "no later than ten (10) working days after the hearing date."  ECF No. 171 at 5.

The Government states that it "understands its continuing disclosure obligations pursuant to Rule 16," and has already complied and will continue to fully comply with its discovery obligations.  Gov't Consolidated Resp. at 3.  The Government objects,

however, to the extent these motions seek items that exceed the requirements of Rule 16. *Id*. at 4.   The Government additionally proposed four weeks before trial for expert disclosures and two weeks before trial for rebuttal expert disclosures.   *Id*. at 4, 12-13.

At the hearing, the Government and Defendants Ying Chen, Li Yang, and Xinhua Xiong addressed reciprocal expert discovery, and all were agreeable to 28 days before trial for principal expert disclosures and 14 days before trial for rebuttal expert disclosures.

Defendants Ying Chen, Li Yang, and Xinhua Xiong's motions are granted in part to the extent they seek responsive information subject to disclosure under Rule 16(a)(1)(A), (B), (D), (E), and (F) that remains in the Government's control and has not yet been produced.   Such information shall be produced as soon as practicable.   Defendants Ying Chen, Li Yang, and Xinhua Xiong's motions are further granted in part to the extent they seek discovery and disclosures ordered produced elsewhere in this Order or that the Government is otherwise obligated to disclose by law.

Consistent with the parties' agreement, no later than 28 days prior to trial, the parties shall make their principal expert disclosures, and, no later than 14 days prior to trial, the parties shall make any rebuttal expert disclosures.   *See* Fed. R. Crim. P. 16(a)(1)(G), (b)(1)(C).

And, while the Court has no reason to doubt that the Government will honor its continuing disclosure obligations under Rule 16(c), any responsive information or material subject to disclosure that subsequently comes into the Government's possession, knowledge, or control shall be produced in a timely fashion.

Defendants' motions are denied in all other respects.   *See Johnson*, 228 F.3d at 924.

8.      Defendant Ying Chen's Motion for Government Agents to Retain Rough Notes, ECF No. 163, Defendant Li Yang's Motion for Government Agents to Retain Rough Notes, ECF No. 173, and Defendant Xinhua Xiong's Motion for Government Agents to Retain Rough Notes, ECF No. 60, are **GRANTED**.

Defendants Ying Chen, Li Yang, and Xinhua Xiong move "for an order requiring any law enforcement agent, including any confidential reliable informants, to retain and preserve all rough notes taken as part of their investigation, whether or not the contents of such rough notes are incorporated in official records."  ECF No. 163 at 1; *see also* ECF No. 173 at 1; ECF No. 60 at 1.  The Government "does not object to requiring that law enforcement officials involved in the investigation of this case retain and preserve their rough notes and evidence seized," but "objects to any order concerning the disclosure of rough notes."  Gov't Consolidated Resp. at 4.

Defendants Ying Chen, Li Yang, and Xinhua Xiong's requests for the retention and preservation of all rough notes are granted.  To the extent it has not already done so, the Government shall direct its agents to preserve any rough notes pertaining to this matter.

9.      Defendant Ying Chen's Pretrial Motion to Participate in Voir Dire, ECF No. 190, and Defendant Li Yang's Motion for Participation by Counsel in Voir Dire, ECF No. 176, are **DENIED WITHOUT PREJUDICE**.

Defendants Ying Chen and Li Yang request that their counsel be permitted to participate in voir dire.  ECF Nos. 176, 190.  "Jury voir dire is an aspect of trial procedure and management that is entirely within the discretion of the trial court."  *United States v. Crown*, No. 07-cr-4313 (PJS/AJB), 2008 WL 783405, at *3 (D. Minn. Mar. 24, 2008);

*accord United States v. Moore*, No. 19-cr-306 (ADM/BRT), 2020 WL 729298, at *4 (D. Minn. Feb. 13, 2020); *see United States v. Dukes*, No. 15-cr-165(14) (JRT/LIB), 2015 WL 10382395, at *7 ("Counsel's participation in voir dire is a matter for the trial judge shortly before trial.") (D. Minn. Nov. 10, 2015), *report and recommendation adopted*, 2016 WL 829902 (D. Minn. Mar. 1, 2016).   At the hearing, Defendants Ying Chen and Li Yang agreed that they would bring their motions before the district judge.   Accordingly, Defendants Ying Chen and Li Yang's motions are denied without prejudice.   *See United States v. Jaunich*, No. 07-cr-328 (PAM/JSM), 2008 WL 114897, at *1 (D. Minn. Jan. 10, 2008) (motion for counsel to participate in voir dire should have been denied without prejudice "leaving the final decision on the participation of counsel in voir dire" to the district court).

10.     Defendant Li Yang's Motion for Discovery and Inspection of Products and Records of Electronic Surveillance, ECF No. 170, is **DENIED AS MOOT**.

Defendant Li Yang moves for an order directing the Government to "disclose and to certify the extent of the electronic surveillance, including either wiretapping and interceptions of telephone conversations, or any form of surveillance by radio transmissions or receptions, or any other form of electronic surveillance or detection used by the government in any phase of its investigation of the Defendant."   ECF No. 170 at 1. The Government argues that the motion can be denied as moot because "[t]his investigation did not involve wiretapping or electronic surveillance of communication."   Gov't's Consolidated Resp. at 22.

26

At the hearing, Defendant Li Yang stated that she has seen no evidence of electronic surveillance from the discovery that has been disclosed. With the Government's acknowledgment that the investigation in this case did not involve wiretapping or electronic surveillance, Defendant Li Yang agreed that this motion could be denied as moot. Accordingly, the motion is denied as moot.

11. Defendant Li Yang's Motion for Grand Jury Transcripts, ECF No. 174, is **DENIED AS MOOT**.

Defendant Li Yang moves for "production of Grand Jury Transcripts for those witnesses the government intends to call at . . . trial for testimony in this case." ECF No. 174 at 1. The Government responds that the motion can be denied as moot because it provided the grand jury transcript for Special Agent John Tschida in September 2022. Gov't's Consolidated Resp. at 22.

At the hearing, the Government stated that the grand jury transcript of the Government's sole witness before the grand jury, Special Agent Tschida, was provided in September 2022. Defendant Li Yang confirmed that the transcript was provided and agreed that the motion is now moot. Accordingly, Defendant Li Yang's motion is denied as moot.

12. Defendant Li Yang's Motion for Notice of Government's Intent to Use Residual Hearsay Exception Under Rule 807, ECF No. 175, is **GRANTED IN PART** and **DENIED IN PART**.

Defendant Li Yang moves for an order requiring the Government to provide at least 30 days' notice of its intent to offer any statement at trial under Federal Rule of Evidence

807.  ECF No. 175 at 1.  The Government objects to Defendant Li Yang's request that it provide 30 days' notice, but "agree[s] to provide such notice 14 days before trial."  Gov't's Consolidated Resp. at 23.  At the hearing, Defendant Li Yang agreed that 14 days' notice was acceptable.  Accordingly, pursuant to the parties' agreement, the Government must provide notice of intent to use residual hearsay at least 14 days before trial.

13.     Defendant Li Yang's Motion for Pretrial Disclosure of Government Exhibits and Trial Witnesses, ECF No. 180, is **GRANTED IN PART** and **DENIED IN PART**.

Defendant Li Yang requests that the Government be ordered "to disclose its trial witnesses and exhibits lists 90 days prior to trial."  ECF No. 180 at 1.  The Government objects to the motion and states that "[d]ates for disclosures of trial materials should be set by the district court in accordance with standard practice within this district."  Gov't's Consolidated Resp. at 27-28.

"A federal criminal defendant generally has no right to know about government witnesses prior to trial."  *Polk*, 715 F.3d at 249; *see also, e.g.*, *United States v. Sandoval-Rodriguez*, 452 F.3d 984, 990 (8th Cir. 2006) ("As a general rule, a defendant in a noncapital case has no right to require disclosure of government witnesses." (quotation omitted)).  Defendant Li Yang's motion is granted only to the extent such disclosure may be ordered by the district court in preparation for trial, and is otherwise denied.

14.     Defendant Xinhua Xiong's Second Motion for Discovery, ECF No. 125, was **WITHDRAWN**.  The Government argued that the motion should be denied as moot because it provided the specifically requested reports and complaint to Defendant Xinhua Xiong on October 13, 2022.  Gov't's Consolidated Resp. at 4.  At the hearing, Defendant

Xinhua Xiong withdrew this motion.   Accordingly, the Clerk of Court is directed to terminate the motion.

15.     All prior consistent orders remain in full force and effect.

16.     Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like.


Date: March __9__, 2023                              _____*s/Tony N. Leung*_____
                                                                                 Tony N. Leung
                                                                                 United States Magistrate Judge
                                                                                 District of Minnesota


                                                                                 *United States v. Chen et al.*
                                                                                 Case No. 21-cr-250 (JRT/TNL)